UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
EUGENE F. BRIGHAM, individually and as :
TRUSTEE OF THE EUGENE F. BRIGHAM
TRUST, THE KATHERINE L. BRIGHAM :
SPECIAL TRUST AND THE LAURA H.
BRIGHAM SPECIAL TRUST, and on behalf :
of all others similarly situated,
                                   :
              Plaintiff,               08 Civ. 4431 (WHP)
                                   :
       -against-                       MEMORANDUM & ORDER
                                   :
ROYAL BANK OF CANADA et. al.,
                                   :
              Defendants.
----------------------------------X



WILLIAM H. PAULEY III, District Judge:

    Lead Plaintiff Eugene Brigham ("Brigham") brings this securities class action alleging that Defendants Royal Bank of Canada, RBC Dain Rauscher, and RBC Capital Markets Corporation (collectively "RBC") violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 in connection with their underwriting, marketing, and sale of auction rate securities. After Brigham filed this action, the Securities and Exchange Commission (the "SEC"), and several other regulators (collectively the "Regulators") began investigating the auction rate securities market. In October 2008, RBC entered into settlements with the SEC and state regulators. As part of the settlements, RBC offered to repurchase over $850 million in auction rate securities from its retail investors and to reimburse any eligible investor who sold his or her auction rate securities at a loss following the failure of the auction market. Brigham moves for an order partially lifting the PSLRA stay of discovery so that he can obtain all documents, information, or testimony RBC produced, or was obligated to produce, to the Regulators. For the following reasons, Brigham's motion to lift the stay is denied.

DISCUSSION

This Court cannot lift the mandatory stay of discovery imposed by the PSLRA unless discovery is required to (1) preserve evidence, or (2) prevent undue prejudice to plaintiffs. See 15 U.S.C. § 78u-4(b)(3)(B). The discovery requests must also be particularized. See 15 U.S.C. § 78u-4(b)(3)(B). Brigham does not argue that the stay must be lifted to preserve evidence. Rather, he argues that he will suffer undue prejudice if he has to make decisions regarding the future of this litigation without the information that was made available to the Regulators.

Undue prejudice means "improper or unfair treatment amounting to something less than irreparable harm." In re Smith Barney Transfer Agent Litig., 05 Civ. 7583 (WHP), 2006 WL 1738078, at *2 (S.D.N.Y. Jun. 26, 2006); see also 380544 Canada, Inc. v. Aspen Tech., 07 Civ. 1204 (JFK), 2007 WL 2049738, at * 1 (S.D.N.Y. Jul. 18, 2007); In re Refco, Inc. Secs. Litig., 05 Civ. 8626 (GEL), 2006 WL 2337212, at * 1 (S.D.N.Y. Aug. 8, 2006). Undue prejudice does not arise "from a delay in the gathering of evidence or the development of settlement or litigation postures" because this "delay is an inherent part of every stay of discovery required by the PSLRA." Smith Barney, 2006 WL 1738078, at *2 (citations and quotation marks omitted).

Two judges in this district have recently addressed similar motions in auction rate securities class actions. Judge McKenna denied a motion to lift the stay because plaintiff failed to show that the discovery was necessary to prevent undue prejudice. See In re UBS Auction Rate Sec. Litig., 08 Civ. 2967 (LMM) (S.D.N.Y. Nov. 21, 2008). However, in another case involving auction rate securities, Judge Scheindlin lifted the stay reasoning that "given the unique procedural posture," the "unavailability of the documents plaintiffs have requested places

a burden on their ability to determine" whether "to continue with this case despite the settlement reached with the SEC, which will afford some compensation to the plaintiff class." Waldman v. Wachovia Corp., 08 Civ. 2913 (SAS), 2007 WL 86763, at *2 (S.D.N.Y. Jan. 12, 2009).

In circumstances similar to the present litigation, this Court denied a plaintiff's request for documents produced to the SEC in connection with a settlement, holding that plaintiff had failed to demonstrate undue prejudice. See Smith Barney, 2006 WL 1738078, at *2-*3; But see In re LaBranche Secs. Litig., 333 F. Supp. 2d 178, 184 (S.D.N.Y. 2004) (lifting stay where defendant had settled with the SEC and lead plaintiff had to determine "whether or not to seek an early settlement to benefit the class without further expense").

Several courts have lifted the discovery stay under exceptional circumstances, such as where a defendant is insolvent, or where plaintiff may be left at a disadvantage because other actions involving the defendant are moving ahead with discovery. See, e.g., In re Delphi Corp., MDL No. 1725, 2007 WL 518626, at * 7 (E.D. Mich. Feb. 15, 2007) (lifting stay where plaintiffs could be left without a settlement if their litigation did not keep pace with bankruptcy and SEC actions); In re WorldCom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002) (lifting stay where defendant was insolvent and other investigations and proceedings were "moving apace"; plaintiff "would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape"); Seippel v. Sidley Austin, Brown & Wood LLP, 03 Civ. 6942 (SAS), 2005 WL 388561, at *2 (S.D.N.Y. Feb. 17, 2005) (plaintiffs "will be prejudiced if they lack access to documents which have been produced to [the government and other plaintiffs]").

In this case, the Regulators reached a settlement with RBC and Brigham has to decide whether he wishes to have his shares repurchased. There is no risk that he will be left at a

3

disadvantage compared to the Regulators or other plaintiffs. Nor is RBC insolvent. While Brigham's decision about whether to continue this litigation may be made easier by access to the documents produced to the Regulators, "[p]laintiff's inability . . . to plan a litigation strategy is not evidence of undue prejudice." Refco, 2006 WL 2337212, at * 2; see also 380544 Canada, 2007 WL 2049738, at * 4; Smith Barney, 2006 WL 1738078, at *2; In re Vivendi Universal, S.A. Sec. Litig., 381 F. Supp. 2d 129, 130-31 (S.D.N.Y. 2003) (declining to lift stay where there was no evidence that plaintiffs would be left without a remedy in light of settlement discussions or other events such as a bankruptcy). As such, this Court finds that there is no undue prejudice.

Brigham argues that neither of Congress's concerns in enacting the PSLRA—preventing plaintiffs from filing frivolous securities class actions in the hope that the defendant will settle the action or that sustainable claims will be found during discovery—are implicated in this case because the Regulators' investigation and settlement suggest that the claims are meritorious. Even if that is true, "the mere fact that the PSLRA's goals would not be frustrated . . . is not sufficient to warrant lifting the stay." 380544 Canada, 2007 WL 2049738, at * 2. This Court may lift the stay only if "doing so is necessary to preserve evidence or prevent undue prejudice." 380544 Canada, 2007 WL 2049738, at * 2; but see LaBranche, 353 F. Supp. 2d at 181 (courts modify the stay "in class actions involving concurrent investigations by governmental agencies when doing so would not frustrate Congress' purposes in enacting the PSLRA"); Seippel, 2005 WL 388561, at *1 (same).

Accordingly, because Brigham will not suffer undue prejudice without access to the documents produced to Regulators, the motion to partially lift the PSLRA stay is denied.

4

CONCLUSION

For the foregoing reasons, Brigham's motion to lift the PSLRA stay of discovery so that Plaintiffs can obtain information RBC produced to the Regulators is denied.

Dated: April 7, 2009
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*

Daniel Charles Girard, Esq.
Girard Gibbs & De Bartolomeo, LLP
601 California St, Suite 1400
San Francisco , CA 94108
*Counsel for Lead Plaintiff*

George S. Canellos, Esq.
Milbank, Tweed, Hadley & McCloy LLP
601 South Figueroa St.
Los Angeles , CA 90017
*Counsel for Defendants*

5